**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4806-17T2

THERESA HICKSON,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
POLICE AND FIREMEN'S
RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

Argued September 23, 2019 – Decided October 2, 2019

Before Judges Geiger and Natali.

On appeal from the Board of Trustees of the Police and Fireman's Retirement System, Department of the Treasury, PFRS No. 3-74255.

Samuel Michael Gaylord argued the cause for appellant (Gaylord Popp, LLC, attorneys; Samuel Michael Gaylord, on the brief).

Amy Chung, Deputy Attorney General argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney

General, of counsel; Stephanie Kozic, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Theresa Hickson appeals from a May 14, 2018 final decision of respondent the Board of Trustees (Board), of the Police and Firemen's Retirement System (PFRS) denying her application for accidental disability retirement benefits. We affirm.

The facts are essentially undisputed. Hickson was employed by the New Jersey Department of Corrections as a Senior Corrections Officer assigned to New Jersey State Prison. Her usual shift began at 7:00 a.m. and concluded at 2:00 p.m. On September 13, 2012, she drove her own car and arrived at the employee parking lot at 5:45 a.m. The State owns and controls the parking lot, which is located two blocks from the prison. Hickson parked and began walking across the lot when she was struck by a vehicle. At the time she was in uniform but did not have a radio. She suffered injuries to her left knee, tailbone, and hands. Hickson walked approximately two blocks to the prison entrance and reported the incident to her shift commander. She was sent to the hospital for examination and treatment.

Hickson applied for accidental disability retirement. Pertinent to this appeal, the Board determined the reported disability was "not the direct result

of a traumatic event, as the event is not caused by a circumstance external to [Hickson]," but rather "is the result of a pre-existing disease alone or a pre-existing disease that [was] aggravated or accelerated by the work effort." The Board found the accident "did not occur during and as a result of your regular or assigned duties."

The Board granted Hickson ordinary disability retirement benefits but denied accidental disability retirement benefits. Hickson appealed the Board's denial of accidental disability retirement benefits. The matter was transferred to the Office of Administrative Law as a contested case. The trial was bifurcated so that "the only issue to be determined was whether or not [Hickson] was injured on a premise owned or controlled by the employer during and as a result of her regular or assigned duties as required by N.J.S.A. 43:15A-43."

The Administrative Law Judge (ALJ) conducted a one-day hearing; Hickson was the only witness. The record was closed after submission of written closing arguments. The ALJ issued an April 19, 2018 written Initial Decision affirming the Board's determination that petitioner is not eligible for accidental disability retirement benefits. The ALJ made the following findings:

> In her application for accidental retirement benefits, Hickson wrote that she was struck by a car while in the parking lot of the prison; that she sustained

A-4806-17T2

injuries; and that she can no longer perform her regular or assigned duties.

At the hearing, Hickson provided greater detail. Hickson testified that she arrived at the employee parking lot at approximately 5:45 a.m. She parked at the fence and, as she traversed a portion of the parking lot near the apron of the entrance, she was struck by a car.

Hickson described her job duties as providing "safety and security of the inmates" as well as "supervising inmates." She indicated the role of a corrections officer as "you're always on duty." "If you see something happening you have to respond to it because all of the public is going to expect you to do something because you're in uniform." She noted that they used to tell you if "you're on your way home if something happens you have to do something."

More significantly, Hickson was required to report to work in full uniform but did not have a radio on her person at that time because it was located in the booth where her shift was to begin. She was never issued any work vehicle and simply drove her personal car.

The ALJ noted "the traumatic event must have occurred during and as a result of the member's regular or assigned duties." The ALJ distinguished the facts in this case from those in Kasper v. Board of Trustees of the Teachers' Pension and Annuity Fund, 164 N.J. 564 (2000), Pollara v. Board. of Trustees. of the Police and Fireman's Retirement System, 183 N.J. Super. 505 (App. Div. 1982), and In re Carlson, 174 N.J. Super. 603 (App. Div. 1980). Unlike the

petitioners in those cases, the ALJ found Hickson "was in the process of walking the approximate[ly] two blocks to the prison when she was struck by the car while still in the parking lot." She was not providing "safety and security of the inmates" or "supervising inmates" in the parking lot. The ALJ noted that "[u]nlike Pollara, Hickson had not already started the actual performance of her regular or assigned duties. And unlike Kasper, Hickson was not engaged in an activity preparatory but essential to that duty." Thus, "she was not injured 'during and as a result of the performance of her regular or assigned duties.'" (Quoting N.J.S.A. 43:15A-43(a)).

Hickson filed exceptions to the Initial Decision. The Board adopted the Initial Decision and affirmed the denial of accidental disability retirement benefits. This appeal followed. Hickson argues the accident occurred during and in the course of her regular and assigned job duties.

"Our review of administrative agency action is limited." Russo v. Bd. of Trs., Police & Fireman's Ret. Sys., 206 N.J. 14, 27 (2011) (citing In re Herrmann, 192 N.J. 19, 27 (2007)). "Judicial review of an agency's final decision is generally limited to a determination of whether the decision is arbitrary, capricious, or unreasonable or lacks fair support in the record." Caminiti v. Bd. of Trs., Police & Fireman's Ret. Sys., 431 N.J. Super. 1, 14 (App.

Div. 2013) (citing Hemsey v. Bd. of Trs., Police & Firemen's Ret. Sys., 198 N.J. 215, 223 (2009)). The factual "findings of an ALJ 'are considered binding on appeal, when supported by adequate, substantial and credible evidence.'" Oceanside Charter Sch. v. N.J. State Dep't of Educ., 418 N.J. Super. 1, 9 (App. Div. 2011) (quoting In re Taylor, 158 N.J. 644, 656 (1999)). "However, we are not bound by an agency's statutory interpretation or other legal determinations." Mattia v. Bd. of Trs., Police & Fireman's Ret. Sys., 455 N.J. Super. 217, 221 (App. Div. 2018) (citing Russo, 206 N.J. at 14, 27).

A PFRS member may be retired on an accidental disability pension if the "employee is permanently and totally disabled as a direct result of a traumatic event occurring during and as a result of the performance of his regular or assigned duties." N.J.S.A. 43:15A-43(a). See also Richardson v. Bd. of Trs., Police & Fireman's Ret. Sys., 192 N.J. 189, 213–15 (2007) (holding that in order to qualify for such benefits, a member of the retirement system must establish, among other things, that "the traumatic event occurred during and as a result of the member's regular or assigned duties").

Hickson argues the Board erred by determining the accident did not occur during and in the course of her regular and assigned job duties. We disagree.

Shortly after the Board rendered its final decision, we held that a Senior Correction Officer who drove to work in his own car, parked his car in the employee parking lot, exited the car, then slipped and fell on ice in the parking lot as he walked towards the entrance portal of the prison to begin his shift, "had not yet completed his commute when he was injured, and was not performing any function connected to his work assignment when he was injured." Mattia, 455 N.J. Super. at 219, 223. We noted Mattia "was not chasing an escapee, but merely walking from his car to the prison entrance, when he slipped and fell on ice in the parking lot." Id. at 223-24.

The same reasoning applies here. Hickson's shift had not yet begun. She was walking across the parking lot when struck by a car driven by another employee. She was approximately two blocks from the entrance to the prison. She was not chasing an escapee or performing any other job duty. Hickson was not assigned any essential preparatory work-related task at the time of her injury. Thus, her "injury was not causally connected to [her] work." Id. at 224. She was simply going to work.

Hickson argues the Board misapplied the law in disqualifying her from accidental disability retirement benefits, and Kasper compels a different result. We are unpersuaded by this argument.

 A-4806-17T2

In Kasper, the employee had "parked her car, crossed the street to the school, and was negotiating the stairs" of the school when the incident occurred, therefore her commute was completed and she was in the performance of her duties when she was injured. Id. at 588. The Kasper Court made clear that to qualify for accidental disability retirement benefits, an employee cannot merely be coming to, or going from work. Id. at 581. Rather, the employee "must be engaged in his or her employment duties on property owned or controlled by the employer." Ibid. Therefore, "in order to qualify for accidental disability benefits, employees must satisfy the statutory criteria that they were on the work premises and performing a function causally connected to their work." Mattia, 455 N.J. Super. at 223 (citing Kasper, 164 N.J. at 588). Hickson does not meet these requirements.

We conclude from our review of the record that the Board's decision was not arbitrary, capricious, or unreasonable. The ALJ's findings, which the Board adopted, are fully supported by the stipulated facts in the record. Hickson's claim does not satisfy the criteria for eligibility for accidental disability retirement benefits. Accordingly, there is no basis to disturb the Board's decision. See In re Young, 202 N.J. 50, 71 (2010) (upholding an agency decision

A-4806-17T2

where "there was substantial credible evidence in the record as a whole to support the agency's findings").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4806-17T2